**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE BROASTER COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| EMARAT HOLDINGS INC. | ) |
| MR BROAST INC., | ) |
| MR BROAST LOMBARD LLC, and | ) |
| GHULAM SARWAR GHANI | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

Plaintiff The Broaster Company, by its attorneys, for its Complaint against Defendants Emarat Holdings Inc., Mr Broast Inc., Mr Broast Lombard LLC, and Ghulam Sarwar Ghani, alleges as follows:

**THE PARTIES**

1. Plaintiff The Broaster Company is a Delaware corporation with a place of business at 2855 Cranston Road, Beloit, Wisconsin 53511.

2. Upon information and belief, Defendant Emarat Holdings Inc. is an Illinois corporation with a registered address of 1N010 Partridge Drive, Carol Stream, Illinois 60188.

3. Upon information and belief, Defendant Mr Broast Inc. is an Illinois corporation with a registered address of 1N010 Partridge Drive, Carol Stream, Illinois 60188.

4. Upon information and belief, Defendant Mr Broast Lombard LLC is a limited liability company organized under the laws of Illinois with a place of business at 820 E. Roosevelt,

Lombard, Illinois 60148. (Defendants Emarat Holdings Inc., Mr Broast Inc. and Mr Broast Lombard LLC are collectively referred to hereinafter as the "Corporate Defendants.")

5. On information and belief, Defendant Ghulam Sarwar Ghani is an individual who resides in this judicial district. Upon Information and belief, Mr. Ghani is an officer and/or owner of the Corporate Defendants. Upon information and belief, Mr. Ghani, both individually and in his capacity as an officer/owner of the Corporate Defendants, has directed, authorized and/or participated in the infringing and unlawful conduct complained of herein. (Mr. Ghani and the Corporate Defendants are collectively referred to hereinafter as the "Defendants").

## JURISDICTION AND VENUE

6. This is an action seeking remedies for trademark infringement, unfair competition and cancellation under the Lanham Act, 15 U.S.C. § 1051, *et seq.*; for violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*; and trademark infringement and unfair competition under the laws of Illinois.

7. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because it involves an action arising under the federal Lanham Act, 15 U.S.C. § 1051, *et seq*. This court also has jurisdiction under 28 U.S.C. § 1367.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the activities giving rise to the claims alleged herein occurred in this judicial district and all Defendants are found in this judicial district.

## NATURE OF THE ACTION

9. The Broaster Company brings this action to protect one of its most valuable assets, the goodwill and consumer recognition associated with its BROASTER brand and family of BROAST-formative trademarks. The Broaster Company maintains broad, enforceable rights in its robust family of BROAST-formative marks by virtue of its extensive use of BROASTER,

BROASTER CHICKEN, GENUINE BROASTER CHICKEN, BROASTER FOODS, BROASTER EXPRESS, BROASTED, BROASTED CHICKEN and other BROAST-formative marks for over 60 years in connection with The Broaster Company's high-quality pressure fryers and branded foodservice programs.

10. As described more fully below, without The Broaster Company's authorization or consent, and with full knowledge and willful disregard of The Broaster Company's prior rights in its BROASTER brand and family of BROAST-formative trademarks, Defendants opened and are operating several restaurants under the name "Mr. Broast." This confusingly similar name is comprised entirely of The Broaster Company's core BROAST mark plus the non-distinctive prefix "Mr." Defendants operate three "Mr. Broast" locations in Illinois (at 2202 Ogden Avenue, Aurora, Illinois 60504; 820 East Roosevelt Road, Lombard, Illinois 60148; and 7104 Manheim Road, Rosemont, Illinois 60018 (collectively, the "Illinois Locations")), as well as a fourth location in Richardson, Texas (at 1801 N. Greenville Ave Suite 100, Richardson, Texas 75081 (the "Texas Location")). Defendants' unauthorized use of The Broaster Company's trademarks in this capacity is likely to lead consumers to incorrectly believe that Defendants, their restaurant services and their food products are authorized by, sponsored by or affiliated with The Broaster Company and its well-known marks and restaurant services, even though that it not the case.

## FACTUAL BACKGROUND

### The Broaster Company Business and Its BROAST-Formative Marks

11. The Broaster Company is a leader in providing high quality pressure fryers and branded foodservice programs for over 60 years. The Broaster Company also markets its Genuine Broaster Chicken® and the Broaster Express® food program globally to a wide range of foodservice operations through a network of authorized distributors.

3

12. Since 1954, The Broaster Company (including through its licensees and authorized distributors and predecessors) has used a family of BROAST-formative marks, including BROASTER, BROASTER CHICKEN, GENUINE BROASTER CHICKEN, BROASTER FOODS, BROASTER EXPRESS, BROASTED, BROASTED CHICKEN and other BROAST-formative marks, as source identifiers to signify its well-known brands and high-quality food products, cooking equipment and related services.

13. Among other means of promotion, The Broaster Company promotes its BROASTER brand and its family of BROAST-formative marks on its websites at https://broaster.com, https://genuinebroasterchicken.com and https://broasterexpress.com/, which are accessible worldwide.

14. To further protect its rights in its BROASTER brand and family of BROAST-formative marks, The Broaster Company owns numerous trademark registrations covering these marks in the United States and in countries around the world for a wide array of products and services, including but not limited to U.S. Trademark Registration Nos. 636699, 818352, 1690034, 1848657, and 3647435, many of which are incontestable pursuant to 15 U.S.C. § 1065. Copies of the registration certificates for these marks are attached hereto as Exhibit A. The Broaster Company's federal trademark registrations date back to 1956.

15. For decades, and long prior to the actions of Defendants alleged herein, The Broaster Company has spent a tremendous amount of time, effort, and resources developing and promoting products and services under its well-known BROASTER brand and its family of BROAST-formative marks.

16. As a result of its extensive use and promotion, The Broaster Company's BROASTER brand and family of BROAST-formative marks have become well-known and

4

recognized by the public as identifying and distinguishing The Broaster Company's foodservices, equipment and related products and ingredients. This consumer goodwill and recognition in the BROASTER brand and The Broaster Company's family of BROAST-formative marks constitute some of The Broaster Company's most valuable assets.

**Defendants' Unlawful Actions**

17. Long after The Broaster Company began its extensive promotion and use of its BROASTER brand and its family of BROAST-formative marks in connection with cooking products, restaurant services and chicken offerings, and long after The Broaster Company obtained federal trademark registrations covering its various marks, Defendants adopted and began using the designation "Mr. Broast" as the name of their chain of chicken restaurants. Defendant Mr Broast Inc. also obtained a U.S. federal trademark registration for the designation MR. BROAST for use with restaurant and catering services (U.S. Trademark Registration No. 4727573).

18. On information and belief, one or more of the Defendants have also registered the domain name https://mrbroast.com/, which Defendants use to promote their chain of Mr. Broast restaurants.

19. Upon discovering Defendants' use of the "Mr. Broast" designation as the name of Defendants' restaurants, The Broaster Company contacted Defendant Ghani, the owner of the Mr. Broast chain of restaurants, and demanded that Defendants cease or otherwise modify their unauthorized use of the BROAST designation.

20. In or around January 2023, Defendants ultimately changed the name of the Texas Location of their Mr. Broast restaurant, but Defendants are refusing to cease use in connection with the Illinois Locations, or otherwise limit their use of marks that are confusingly similar to The Broaster Company's senior marks.

5

21. The Broaster Company, including through its counsel, has repeatedly contacted Defendants, including through their attorney, and objected to their ongoing, unauthorized use of the BROAST designation. However, Defendants have refused to cease or otherwise limit their use of the BROAST designation and have ignored The Broaster Company's follow-up efforts, despite Defendants' commitment to provide a substantive response. Defendants' disregard of The Broaster Company's intellectual property rights and Defendants' refusal to comply with The Broaster Company's demands underscore Defendants' bad faith.

22. Further demonstrating Defendants' bad faith, just one day before Defendants' counsel sent a response denying liability and rejecting The Broaster Company's demands, on May 8, 2023, Defendant Mr Broast Inc. filed a standalone Section 15 Declaration of Incontestability for its MR. BROAST registration with the United States Patent and Trademark Office. The timing of this filing -- which was made nearly three years after filing (only) a Section 8 Declaration of Use -- is an apparent post-dispute effort to cut off further challenges by The Broaster Company. In doing so, Defendant Mr Broast Inc. inaccurately declared that its right to register the MR. BROAST mark, or keep the mark on the register, have not been challenged.

23. Accordingly, there is no question that Defendants' ongoing and unauthorized use of the BROAST designation is intentional and done with actual knowledge of The Broaster Company's BROASTER brand and family of BROAST-formative marks and with the intent to trade on the goodwill associated therewith.

24. In light of Defendants' unauthorized use of the BROAST designation in connection with identical goods and services as those offered for many years by The Broaster Company under its federally-registered BROASTER and BROAST-formative marks, and in light of Defendants' refusal to comply with The Broaster Company's repeated demands to cease use of the BROAST

6

designation, The Broaster Company has no choice but to protect its rights in its valuable BROASTER brand and family of BROAST-formative marks through this action.

## COUNT I

### FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT
### (15 U.S.C. § 1114(1)(a))

25. The Broaster Company realleges and incorporates herein paragraphs 1 through 24 of this Complaint.

26. Defendants' use of the BROAST designation with restaurant services and food products is without The Broaster Company's authorization or consent.

27. Defendants' unauthorized use of the BROAST designation in connection with their promotion and provision of restaurant services and food products is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants or their products and services with The Broaster Company and its federally-registered BROASTER and family of BROAST-formative marks, in violation of 15 U.S.C. §1114(1)(a).

28. Defendants' unauthorized conduct has deprived and will continue to deprive The Broaster Company of the ability to control the consumer perception of its products and services provided in connection with its BROASTER brand and family of BROAST-formative marks, placing the valuable reputation and goodwill of The Broaster Company in the hands of Defendants, over whom The Broaster Company has no control.

29. Because Defendants had actual and/or at least constructive notice of The Broaster Company's prior use of and rights in its BROASTER brand and family of BROAST-formative marks before Defendants began using the BROAST designation, Defendants are willfully engaged in trademark and service mark infringement in violation of the Lanham Act.

30. As a result of Defendants' conduct, The Broaster Company has suffered substantial damage and irreparable harm to its BROASTER brand and family of BROAST-formative marks, constituting an injury for which The Broaster Company has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, The Broaster Company will continue to suffer irreparable harm.

31. The intentional nature of Defendants' conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT II

### FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

32. The Broaster Company realleges and incorporates herein paragraphs 1 through 31 of this Complaint.

33. Defendants' actions complained of herein are likely to cause, confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendants' restaurant services and food products with The Broaster Company and its BROASTER brand and family of BROAST-formative marks, and as to the origin, sponsorship or approval of Defendants and their products and services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendants' unauthorized conduct has deprived and will continue to deprive The Broaster Company of the ability to control the consumer perception of its products and services provided in connection with its BROASTER brand and family of BROAST-formative marks, placing the valuable reputation and goodwill of The Broaster Company in the hands of Defendants, over whom Th Broaster Company has no control.

35. As a result of Defendants' conduct, The Broaster Company has suffered substantial damage and irreparable harm to its BROASTER brand and family of BROAST-formative marks,

8

constituting an injury for which The Broaster Company has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, The Broaster Company will continue to suffer irreparable harm.

36. The intentional nature of Defendants' conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT III

### VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS 510/1, *et seq.*)

37. The Broaster Company realleges and incorporates herein paragraphs 1 through 36 of this Complaint.

38. Defendants' actions complained of herein constitute deceptive trade practices in violation of 815 ILCS 510/2 in that Defendants' conduct causes a likelihood of confusion with or misunderstanding as to source, sponsorship, affiliation, connection or association with The Broaster Company and its products and services provided in connection with its BROASTER brand and family of BROAST-formative marks.

39. Because Defendants had actual and/or at least constructive notice of The Broaster Company's prior use of and rights in its BROASTER brand and family of BROAST-formative marks before Defendants began using the BROAST designation, Defendants are willfully engaged in deceptive acts or practices in violation of Illinois law.

40. As a result of Defendants' conduct, The Broaster Company is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendants' conduct, The Broaster Company will continue to suffer irreparable harm.

## COUNT IV

### ILLINOIS COMMON LAW
### TRADEMARK AND SERVICE MARK INFRINGEMENT

41. The Broaster Company realleges and incorporates herein paragraphs 1 through 40 of this Complaint.

42. The Broaster Company is the owner of valid common law rights in its BROASTER brand and family of BROAST-formative marks, which it has used continuously and in connection with the provision of its food services and chicken offerings long prior to Defendants' adoption and first use of the BROAST designation.

43. Defendants' actions complained of herein are likely to cause, confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendants' products and services with The Broaster Company and its BROASTER brand and family of BROAST-formative marks, and as to the origin, sponsorship or approval of Defendants and their products and services in violation of Illinois common law.

44. Defendants' unauthorized conduct also has deprived and will continue to deprive The Broaster Company of the ability to control the consumer perception of its restaurant services and food products provided in connection with its BROASTER brand and family of BROAST-formative marks, placing the valuable reputation and goodwill of The Broaster Company in the hands of Defendants, over whom The Broaster Company has no control.

45. Because Defendants had actual and/or at least constructive notice of The Broaster Company's prior use of and rights in its BROASTER brand and family of BROAST-formative marks before Defendants began using the BROAST designation, Defendants are willfully engaged in common law trademark infringement in violation of Illinois law.

46. As a result of Defendants' conduct, The Broaster Company is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendants' conduct, The Broaster Company will continue to suffer irreparable harm.

## COUNT V

### CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 4727573
### 15 U.S.C. § 1119

47. The Broaster Company realleges and incorporates herein paragraphs 1 through 46 of this Complaint.

48. The Broaster Company is likely to be damaged by the ongoing registration of U.S. Trademark Registration No. 4727573 in that, since long before Defendants commenced the acts complained of herein, The Broaster Company has used obtained federal trademark registrations for BROASTER and numerous BROAST-formative marks with a variety of food products and food-related services, which are substantially similar and complementary to the restaurant services covered under Defendant Mr Broast Inc.'s Registration No. 4727573 for the confusingly similar MR. BROAST mark, such that Registration No. 4727573 should be declared unregistrable on the Principal Register under 15 U.S.C. § 1052(d).

49. Pursuant 15 U.S.C. § 1119, this Court has the authority to order the Commissioner of Patents and Trademarks to cancel the registration of Defendant Mr Broast Inc.'s U.S. Registration No. 4727573 on the grounds that Defendants have no right to maintain registration of the mark.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, The Broaster Company requests that this Court enter a judgment in favor of The Broaster Company and against Defendants as follows:

11

A. Declaring that Defendants have willfully infringed The Broaster Company's BROASTER brand and family of BROAST-formative marks and has willfully engaged in deceptive trade practices and unfair competition;

B. Preliminarily and permanently enjoining and restraining Defendants, their agents, servants, employees and attorneys, and any other persons in active concert or participation with them from:

    (1) using, applying to register, selling, offering for sale, holding for sale, advertising or promoting marketing or advertising-related services under or in connection with any trade name, trademark, service mark, Internet domain name or other designation of origin that is comprised in whole or in part of the term BROAST, BROASTER, or any other term confusingly similar to The Broaster Company's BROASTER brand and family of BROAST-formative marks;

    (2) doing any act or thing that is likely to induce the belief that Defendants' goods, services or activities are in some way connected with Plaintiff's businesses, or that is likely to injure or damage Plaintiff's businesses or its rights in the BROASTER brand and family of BROAST-formative marks; or

    (3) assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in the above subparagraphs (1) and (2); and

C. Declaring this an exceptional case under 15 U.S.C. § 1117 based on Defendants' intentional infringing conduct;

D. Requiring that Defendants be ordered to:

    (1) reimburse The Broaster Company for all damages it has suffered by reason of such acts complained of herein;

    (2) pay to The Broaster Company exemplary treble damages as provided for in 15 U.S.C. § 1117 and at common law;

    (3) deliver to The Broaster Company's counsel for destruction all promotional materials, products, advertisements, signs, brochures, packages and other printed materials bearing the BROAST designation and all plates, molds, matrices, screens or other means for making the same that are in their possession or control within ten (10) days of the entry of the Order; and

  (4) reimburse The Broaster Company for the costs it has incurred in bringing this action, together with its reasonable attorneys' fees and disbursements;

 E. Directing the U.S. Patent & Trademark Office to cancel Defendant Mr Broast Inc.'s trademark registration for MR. BROAST (U.S. Trademark Registration. No. 4727573); and

 F. Requiring that The Broaster Company be awarded such other and further relief as this Court deems equitable.

## JURY DEMAND

The Broaster Company hereby demands a trial by jury on all issues so triable.

Dated: September 13, 2023      By: /s/ Lee J. Eulgen
                  One of the Attorneys for Plaintiff,
                  The Broaster Company

Lee J. Eulgen (ARDC # 6242858)
Andrea S. Fuelleman (ARDC # 6309043)
Joseph Sherling
NEAL GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, Illinois 60602
(312) 269-8000